UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE I.U.O.E. LOCAL 478 ANNUITY FUND, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 478 TRAINING AND SKILL IMPROVEMENT FUND, TRUSTEES OF THE I.U.O.E. LOCAL NO. 478 HEALTH BENEFITS FUND, TRUSTEES OF THE I.U.O.E. LOCAL 478 PENSION FUND, TRUSTEES OF THE I.U.O.E. LOCAL 478 SUPPLEMENTAL UNEMPLOYMENT BENEFITS FUND AND I.U.O.E. LOCAL 478 | CIVIL ACTION NO. |
| Plaintiffs | |
| vs. | |
| J.A.M. CONSTRUCTION COMPANY, LLC AND PJ'S CONSTRUCTION COMPANY, INC. | July 3, 2018 |
| Defendants | |

## COMPLAINT

### PARTIES

1. Plaintiffs Trustees of the I.U.O.E. Local 478 Annuity Fund, Trustees of the Operating Engineers Local 478 Training and Skill Improvement Fund, Trustees of the I.U.O.E. Local No. 478 Health Benefits Fund, Trustees of the I.U.O.E. Local 478 Pension Fund, Trustees of the I.U.O.E. Local 478 Supplemental Unemployment Benefits Fund (hereinafter "Funds"); are Trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, hereinafter "ERISA," 29 U.S.C. Sections 1002(3) and (37). The Funds are established and maintained by a Restated Agreement and

Declaration of Trust and by a Collective Bargaining Agreement between I.U.O.E. Local 478 and signatory contractors, including J.A.M. Construction Company, LLC (hereinafter "J.A.M. Construction"). The Funds are administered at 1965 Dixwell Avenue, Hamden, Connecticut 06514.

2.     I.U.O.E. Local 478 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. Section 152(5).

3.     The Defendant, J.A.M. Construction transacted business in the State of Connecticut as a contractor or subcontractor in the construction industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(l), (3) and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Sections 142(l), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a). J.A.M. Construction had a principal business address at 531 Ella T. Grasso Boulevard, New Haven, CT 06519.

4.     The Defendant, PJ's Construction Company, Inc. (hereinafter "PJ's Construction") is doing business under the laws of the State of Connecticut with a principal place of business at 531 Ella T. Grasso Boulevard, New Haven, CT 06519. Upon information and belief, PJ's Construction shares this principal place of business with J.A.M. Construction. Based upon its relationship with J.A.M. Construction, PJ's

Construction shares a single employer and/or alter ego and/or double breasting relationship with J.A.M. Construction.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. Section 185(a). Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132(e)(2). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce, and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

**COUNT ONE**

6. Plaintiffs hereby incorporate by reference Paragraphs 1-5 of the Complaint as is fully set forth herein.

7. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. Section 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce, and an action to collect contributions due to an employee benefit plan under the terms of the Collective Bargaining Agreement.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

8. J.A.M. Construction entered into a Collective Bargaining Agreement with the International Union of Operating Engineers Local 478 establishing the terms and conditions of employment for operating engineers employed by J.A.M. Construction.

9. Pursuant to the Collective Bargaining Agreement, J.A.M. Construction is required to pay to the Funds certain sums of money for each hour worked by employees of J.A.M. Construction, covered by the Collective Bargaining Agreement.

10. Pursuant to said Collective Bargaining Agreement, J.A.M. Construction agreed to be bound to and comply with the terms and conditions of each Trust Agreement and the policies adopted by the Trustees.

11. The Funds' Audit, Collection and Delinquency Policy authorizes audits of signatory employers.

12. The auditor for the Operating Engineers Local 478 Benefits Funds conducted a payroll audit of J.A.M. Construction. J.A.M. Construction has only partially reimbursed the Fund for the amounts disclosed as due in the audit and owes the Funds a balance of *$7,604.78* in connection with this audit. This amount includes the costs incurred by the Fund to conduct the payroll audit.

13. J.A.M. Construction also provided the Funds with information indicating it owes the Fund a total of *$50,345.91* in connection with work performed during the periods of July 2015 and January through December 2016.

14. J.A.M. Construction has failed to submit any payment for the amounts referenced in Paragraph Thirteen (13) of this Complaint.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

15. J.A.M. Construction, therefore owes the Funds at least **$57,950.69**.

16. It is possible during discovery that the Funds could learn that J.A.M. Construction did not properly report all of its hours during the time period relevant to the Complaint as well as the time period from the filing of the Complaint until the issuance of judgment. Accordingly, the amounts owed by J.A.M. Construction to the Funds could increase.

17. Pursuant to 29 U.S.C. 1132(g)(2), the Defendant, J.A.M. Construction, is liable to the Plaintiffs for all unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, audit costs of this action, and such other legal and equitable relief as the Court deems appropriate.

## COUNT II

18. Plaintiffs hereby incorporate by reference Paragraphs 1-17 of the Complaint as is fully set forth herein.

19. Upon information and belief, PJ's Construction shares an alter ego and/or single employer and/or double breasted relationship with J.A.M. Construction. This relationship is based upon their interrelation of operations, common management, centralized control of labor relations and common ownership.

20. Based upon the alter ego and/or single employer and/or double breasted relationship that exists between PJ's Construction and J.A.M. Construction, PJ's

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Construction is bound to the CBA between the Union and J.A.M. Construction and is thus liable for contributions to the Funds under the terms of the CBA.

**WHEREFORE, Plaintiff Funds pray for judgment as follows:**

A. Ordering Defendants J.A.M. Construction Company, LLC & PJ's Construction Company, Inc. to make payment in the amount of ***$57,950.69*** for contributions owed for work performed during the months of July 2015 and January through December 2016, the unpaid audit disclosures and audit costs plus liquidated damages provided by the Plan, interest in the amount of twelve percent (12%) per annum, pursuant to the Trust Agreements, on the amount due from the date of the delinquency until the date of payments, costs and reasonable attorney's fees, pursuant to 29 U.S.C. Section 1132(g)(2) and 28 U.S.C. Section 1961.

B. Ordering Defendant J.A.M. Construction Company, LLC & PJ's Construction Company, Inc. to submit monthly reports and payment for contributions owed for any covered work performed during the period of January 2017 until the issuance of a Judgment as well as any work not previously reported to the Funds from June 2015 to the present.

C. Ordering Defendant J.A.M. Construction Company, LLC & PJ's Construction Company, Inc. be required to pay double interest or interest plus liquidated damages on the amount due accrued from the date of the delinquency until the date of payments for any contributions that are due, become due or are otherwise discovered during the pendency of the Complaint until the issuance of a Judgment.

D. Ordering that Defendant J.A.M. Construction Company, LLC & PJ's Construction Company, Inc. be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs in connection with this Litigation.

E. For such further relief as the Court may deem appropriate.

**DATED** at East Hartford, Connecticut, this 3rd day of July 2018.

                                                    Respectfully submitted,

By:    /s/Gregory S. Campora
         Gregory S. Campora, Esq.
         ROBERT M. CHEVERIE &
         ASSOCIATES, P.C.
         333 East River Drive, Suite 101
         East Hartford, CT  06108
         Fed Bar # ct23775
         Tele: (860) 290-9610
         Fax: (860) 290-9611
         E-mail: gcampora@cheverielaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 3rd day of July 2018, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
31 Hopkins Plaza, Suite B2
Baltimore, MD 21201
**Attn:  Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C.  20210
**Attn:  Assistant Solicitor for Plan
          Benefits Security**

By:   /s/Gregory S. Campora
      Gregory S. Campora, Esq.